IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | * | |
| v. | * | CRIMINAL NO. JKB-16-0259 |
| JORGE RAUL GUERRA CASTILLO, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM AND ORDER**

The Court held a motions hearing in this case on December 9, 2019. For the reasons stated in open court, it is ORDERED:

1. Luis Fernando Cruz Rodriguez's Motion to Suppress Statements (ECF No. 563) is DENIED AS MOOT based on the Government's stipulation that it does not intend to introduce any such statements in its case-in-chief, and without prejudice to the Defendant's ability to renew the motion should the Government attempt to introduce such statements or evidence that is solely and materially the fruits of such statements.

2. Milton Portillo Rodriguez's Motion to Sever (ECF No. 591), Jorge Raul Guerro Castillo's Motion to Sever (ECF No. 596), and David Ernesto Nolasco Soriano's Motion to Sever (ECF No. 640) are DENIED because Defendants have failed to establish that actual prejudice would result from a joint trial, *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995).

3. With respect to Milton Portillo Rodriguez's Motion to Suppress Tangible and Derivative Evidence (ECF No. 592):

a. The Government stipulated that it does not intend to introduce in its case-in-chief any evidence associated with the phone numbers 443-822-2495, 443-682-5551, and 443-882-8734, or seized from the address 10 Bricin Court, Apt. 4. Based on that stipulation, the motion is DENIED IN PART AS MOOT, without prejudice to the Defendant's ability to renew the motion should the Government attempt to introduce any evidence covered by the stipulation or any evidence that is solely and materially the fruits of such searches.

   b. The remainder of the motion is DENIED on the merits, without prejudice to the Defendant's ability to file a motion for reconsideration should the Government produce additional discovery warranting such a filing. The Court has reviewed the application in support of a pen register and real time location information for 919-327-7147 and finds that probable cause exists (Gov't Ex. 16). The Court has also reviewed the application and affidavit for the search warrant for T-Mobile numbers 301-732-1623 and 301-383-6412 and determined that probable cause exists (Gov't Ex. 17). The Court finds that probable cause is lacking in the application for the warrant for T-Mobile numbers 410-831-7191 and 443-599-6921 (Gov't Ex. 14). However, the Court finds sufficient indicia of good faith on the affiant's part for each of the three challenged warrants to justify application of the good faith exception under *United States v. Leon*, 468 U.S. 897 (1984), and insufficient indicia of bad faith to justify suppression.

4. Milton Portillo Rodriguez's Motion to Suppress Statements (ECF No. 593) is DENIED on the merits. First, the Court finds that the detectives conducting the interview properly read Mr. Portillo Rodriguez his *Miranda* rights, pursuant to *Miranda v. Arizona*, 384 U.S. 436

(1966), and that Mr. Portillo Rodriguez voluntarily waived those rights by answering detectives' questions. Second, in reviewing the video of the interrogation of Mr. Portillo Rodriguez, the Court finds that Mr. Portillo Rodriguez was not subject to coercive police activity during questioning and that his statements were voluntary. *See United States v. Giddins*, 858 F.3d 870, 881 (4th Cir. 2017). In making this finding, the Court considers the "totality of the circumstances" surrounding the interrogation of Mr. Portillo Rodriguez, including "'the characteristics of the defendant, the setting of the interview, and the details of the interrogation.'" *United States v. Braxton*, 112 F.3d 777, 785 (4th Cir. 1997) (quoting *United States v. Pelton*, 835 F.2d 1067, 1071 (4th Cir. 1987)). Mr. Portillo Rodriguez was under arrest during his interview and handcuffed for the entire proceeding. The Government provided Mr. Portillo Rodriguez with breaks, allowed him to talk to his mother on the phone, and did not question him for an unreasonably long period. *See id.* at 784. There are no allegations that he was deprived of anything during his interviews. *See id.* Though Mr. Portillo Rodriguez appeared emotional and upset during the interviews, he appeared to be in control of his emotions. Furthermore, the Court does not find that Detective Glass's abrupt movement of Mr. Portillo Rodriguez's chair at the start of his interview or Detective Glass's occasional yelling was sufficiently threatening or coercive to overbear Mr. Portillo Rodriguez's will or critically impair his capacity for self-determination, as evidenced by Mr. Portillo Rodriguez's consistent denials throughout the interview. *See id.* at 780–81. Finally, the Court does not find that the detectives questioning Mr. Portillo Rodriguez threatened either him or his family. The Court determines that Detective Then's references to his family's safety were not threats, but even if such statements could be construed as threats, no confession or statement was

3

"extracted" based on these statements, *id.* at 783 (quoting *Hutto v. Ross*, 429 U.S. 28, 30 (1976)). Accordingly, the Court finds that Mr. Portillo Rodriguez's statements were voluntary and denies his motion to suppress on these grounds.

5. Milton Portillo Rodriguez's Motion to Suppress Identification (ECF No. 594) and Jorge Raul Guerra Castillo's Motion to Suppress Identification Evidence (ECF No. 598) are DEFERRED until the Pretrial Conference.

6. Jorge Raul Guerra Castillo's Motion to Suppress Wiretap Evidence (ECF No. 597) is DENIED. The Court finds that probable cause existed for the underlying warrant, 18 U.S.C.A. § 2518(3)(b), and that the requirements of 18 U.S.C.A. § 2518 were followed in issuing and executing the wiretap warrant.

7. With respect to Jorge Raul Guerra Castillo's Motion to Suppress from Warrantless Searches (ECF No. 599):

    a. The Government stipulated that it does not intend to introduce in its case-in-chief any evidence associated with the Santa Rose Jail calls or seized from Mr. Guerra Castillo's jail cell. Based on that stipulation, the motion is DENIED IN PART AS MOOT, without prejudice to the Defendant's ability to renew the motion should the Government attempt to introduce any evidence covered by the stipulation or any evidence that is solely and materially the fruits of such searches.

    b. The remainder of the motion is DENIED on the merits.

        i. The Court finds that the Government's use of a Homeland Security Investigations Administrative Subpoena (Gov't Ex. 7) to collect phone records was proper pursuant to 8 U.S.C.A. § 1225(d)(4).

4

Furthermore, "[p]hone customers have no constitutionally cognizable privacy interests in basic subscriber information," and therefore the Fourth Amendment was not violated when the Government obtained such records from T-Mobile. *United States v. Clenney*, 631 F.3d 658, 666 (4th Cir. 2011).[1]

ii. In reviewing the affidavit submitted in support of the warrant for the challenged search of T-Mobile phone records (Gov't Ex. 8), the Court finds probable cause existed to issue the warrant. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Even if probable cause was lacking, the Court finds sufficient indicia of good faith on the affiant's part to justify application of the good faith exception under *United States v. Leon*, 468 U.S. 897 (1984), and insufficient indicia of bad faith to justify suppression.

iii. Furthermore, the Court concludes that, under the reasoning of *Hudson v. Palmer*, 468 U.S. 517 (1984), there is no reasonable expectation of privacy in phone calls not involving attorneys made by the Defendant from DRJCF phones while the Defendant was a DRJCF inmate. Although "prisons are not beyond the reach of the Constitution," *id.* at 523, the Supreme Court held in *Hudson* that "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continued

---

[1] The Court accepts the Government's statement that the only data provided pursuant to the subpoena was basic subscriber information. The Government is admonished to review the documents produced pursuant to this subpoena and correct the record if it finds that location data was also provided.

surveillance of inmates . . . required to ensure institutional security and internal order," *id.* at 527–28. That conclusion applies with equal force to jail calls made to individuals other than attorneys as it did to the physical searches of prisoners' cells at issue in *Hudson*. There is ample justification in this jurisdiction for routine monitoring of jail calls as a necessary means of identifying, controlling, or preventing safety threats and the movement of contraband. Accordingly, the Court concludes that the loss of privacy in the content of non-attorney jail calls is another aspect of the gross loss of privacy inherent in incarceration, including pre-trial incarceration. *See id.* at 528. For that reason, Guerra Castillo had no reasonable expectation of privacy implicating the Fourth Amendment in the content of such calls. Furthermore, the Court also finds that Guerra Castillo was provided notice that his non-attorney calls would be monitored while at DRJCF.[2]

8. Jorge Raul Guerra Castillo's Motion to Suppress Evidence from Search Warrants (ECF No. 600) is DENIED on the merits, based on the Court's finding that probable cause existed for the warrant for 14 Bagget Court (Gov't Exs. 11–12) and the warrant for the "Leon Oscar" Facebook account (Gov't Ex. 13). *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

---

[2] The Government has presented the Court with multiple pieces of evidence demonstrating that Mr. Guerra-Castillo was aware that his calls would be monitored and recorded. First, the Government demonstrated that Mr. Guerra-Castillo was literate in Spanish, based on statements to his probation officer and his scores on a pre-GED exam demonstrating a reading grade level of 7.9 (Gov't Exs. 30–32), and that written warnings were placed on the phones at DRJCF (Gov't Ex. 10). Second, the Government presented evidence that Mr. Guerra-Castillo signed an acknowledgement form attesting to his understanding that his calls would be monitored and recorded at DRJCF. (Gov't Ex. 26.) Finally, the Government presented evidence that Mr. Guerra-Castillo heard both Spanish and English warnings to that effect while placing calls at DRJCF. (Gov't Supp. Brief at 4–5.)

Even if probable cause was lacking, in reviewing the affidavits submitted in support of the challenged warrants, the Court finds sufficient indicia of good faith on the affiant's part to justify application of the good faith exception under *United States v. Leon*, 468 U.S. 897 (1984), and insufficient indicia of bad faith to justify suppression.

9. Jorge Raul Guerra Castillo's Motion to Preserve Right to File Pretrial Motions (ECF No. 601) is GRANTED to the extent Defendant seeks to address information not previously available or make new argument in light of newly disclosed information.

10. Jorge Raul Guerra Castillo's Motion to Exclude Evidence Not Charged (ECF No. 603) is DENIED WITHOUT PREJUDICE to permit Defendant to re-raise the issue should it become relevant in light of *Jencks* disclosures.

11. Jorge Raul Guerra Castillo's Motion to Preclude Hearsay (ECF No. 604) is DENIED WITHOUT PREJUDICE to permit Defendant to re-raise the issue should it become relevant in light of *Jencks* disclosures.

12. Jorge Raul Guerra Castillo's Motion to Exclude Cooperating Witness Testimony (ECF No. 605) is DENIED WITHOUT PREJUDICE to permit Defendant to re-raise the issue should it become relevant in light of *Jencks* disclosures.

13. Juan Carlos Sandoval Rodriguez's Motion to Suppress (ECF No. 664) is DENIED.

14. All motions to adopt motions of codefendants are GRANTED IN PART, insofar as they seek to adopt the arguments made by codefendants that are applicable to them, and they are otherwise DENIED IN PART and GRANTED IN PART for the same reasons and as a function of the denials or grants of the adopted motions. This includes the following motions:

    a. ECF No. 595, filed by Milton Portillo Rodriguez;

b. ECF No. 602, filed by Jorge Raul Guerra Castillo;

   c. ECF No. 611, filed by Axel Rodriguez Argueta;

   d. ECF No. 649, filed by Axel Rodriguez Argueta;

   e. ECF No. 639, filed by David Ernesto Nolasco Soriano; and

   f. ECF No. 655, filed by Juan Carlos Sandoval Rodriguez.

15. Several Defendants have entered or plan to enter guilty pleas in this case. Accordingly, the following motions are DENIED AS MOOT because the following Defendants will not be proceeding to trial:

   a. ECF Nos. 481–86 and 490, filed by Danny Hernandez Solorzano;

   b. ECF Nos. 573–581, filed by Carlos Hernandez Diaz;

   c. ECF Nos. 565–67, 569–70 and 641, filed by Albaro Rosa Moreno;

   d. ECF Nos. 582–590, filed by Darwin Arias Mejia;

   e. ECF Nos. 606–09, filed by Carlos Ventura Morales; and

   f. ECF No. 610, filed by Edwin Ruiz Urrutia.

DATED this 16 day of December, 2019.

BY THE COURT:

James K. Bredar
Chief Judge